## VON FABER-CASTELL v. FABER.

(Circuit Court of Appeals, Second Circuit. June 28, 1905.)

No. 180.

1. **UNFAIR COMPETITION—FRAUDULENT USE OF NAME.**

Defendants, having the undisputed right to use the name "Eberhard Faber" on their goods, are not chargeable with fraud constituting unfair competition because of the use of the name "E. Faber."

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 75, 84.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. **SAME—SUIT TO RESTRAIN—RIGHTS GOVERNED BY CONTRACT.**

The parties entered into a contract to settle their respective rights with respect to the use of the name "Faber" on lead pencils made and sold by them, which provided that "the firm of Eberhard Faber [defendant] binds itself to stamp all manufactures connected with lead pencils * * * not without first name, or at least with the initials of the first name." Defendant afterward used the name "E. Faber" on its goods as it had previously done. *Held*, that the use of such name was not in violation of the contract, but, even if so, the remedy of complainant was by a suit for its enforcement, or an action to recover damages for its breach, and that he could not ignore the contract and maintain a suit for unfair competition.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 124 Fed. 603.

This is an appeal by the defendant from a decree of the Circuit Court for the Southern District of New York, entered July 19, 1904. The decree is for an injunction and an accounting and enjoins the defendant from using the name "Faber" in connection with the manufacture and sale of pencils and stationers' rubber goods unless prefixed by his Christian name "Eberhard," "J. Eberhard" or "John E." The facts are carefully collected in the opinion of the Circuit Court (124 Fed. 603), and need not be repeated here.

Charles T. Haviland and Benjamin F. Tracy, for appellant.

F. W. Hinrichs, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The bill was filed to restrain unfair competition in trade. The entire controversy centers about the right of the defendant to use the name "E. Faber" in connection

139 F.—17

with the business of making and selling lead pencils. The right to use his full name, "Eberhard Faber," is not now disputed; the decree of the Circuit Court permits such use and the complainant has not appealed. Neither does the complainant deny the right of the defendant to use the name "E. Faber" in connection with penholders made by him.

When it is realized that the principal accusation against the defendant is that he prefixed his surname with "E." instead of "Eberhard" it will be seen that the charge of fraud rests upon an exceedingly narrow and insecure foundation. In the recent case of Howe Co. v. Wyckoff (decided April 24, 1905) 25 Sup. Ct. 609, 49 L. Ed. ——, the Supreme Court has reasserted and reaffirmed in clear and unequivocal language the right of every man to use his own name in all legitimate ways.

For reasons hereafter stated we are of the opinion that this action cannot be maintained as one to restrain unfair competition, but, assuming that it can be, the evidence fails to establish fraud on the part of the defendant, and fraud is the foundation of such an action. He may use the name "Eberhard Faber" indiscriminately in his business, he may use the name "E. Faber" in connection with part of the articles manufactured and sold by him, but the moment he uses "E. Faber" in the sale of lead pencils he commits a fraud on the complainant and the public. This is the proposition, but the evidence fails to sustain it. We are unable to say that the defendant used the initial of his Christian name, rather than the name in full, with a fraudulent intent, or that he has reaped any unfair advantage therefrom or that the public has been deceived thereby. The controversy, in so far as it is based upon a distinction so attenuated, seems to us inconsequential. We find the testimony quite insufficient to warrant the finding of a fraudulent purpose in the substitution of the initial of the name for the name itself. If the use of "Eberhard" be honest the use of "E." cannot be fraudulent. But the action cannot, in any view, be maintained as one for unfair competition.

On the 16th of March, 1898, the parties entered into an agreement settling their more important differences and, among them, the controversy which is the subject of this action. Paragraph 5 is as follows:

"The firm of Eberhard Faber binds itself to stamp all manufactures connected with lead pencils traceable to its establishment, not without first name, or at least with the initials of the first name, and under all circumstances to avoid anything which could tend to confusion as to the manufactures of the two firms."

If, then, the defendant has complied with the terms of this contract no action of any kind will lie against him. If he has broken the contract the complainant's remedy is twofold—either in equity for specific performance or at law for damages for the breach. The present action is neither.

It is said that the contract was originally written in German and that the word translated "initials" should have been translated "initial," but the court is not sufficiently versed in the intricacies of the

German language to determine this question. We think, however, that irrespective of the alleged inaccuracy in translation the defendant fully complied with the contract when he stamped his manufactures "E. Faber." It will be observed that the contract was not between individuals but between firms—the firm of A. W. Faber on the one side and the firm of Eberhard Faber on the other. This distinction is pointedly emphasized in the last clause of the contract which provides that "this agreement shall have full validity only after Mr. John Eberhard Faber, as copartner of the firm of Eberhard Faber, shall have added his signature here below." The contract is signed: "A. W. Faber, Lothar W. Faber, Eberhard Faber." It is not, therefore, necessary to look beyond the contract to see that the firm of Eberhard Faber was composed of himself and Lothar W. Faber as copartners, that the covenants and agreements were made by the firms respectively and that when the defendant signed his name as copartner on behalf of the firm it was Eberhard Faber simply. What then is the fair construction of the contract?

"The firm of Eberhard Faber binds itself" to stamp all lead pencils and so on made by it "not without," namely, "with," its first name, or at least with the initials of its first name. The firm name was Eberhard Faber, the first name was Eberhard and the initial of the first name was E. When, therefore, the defendant stamped his goods "E. Faber" he was within the terms of his agreement. The language of the contract, due perhaps to the translation, is infelicitous and inexact, but any other interpretation leads to more serious complications. It can hardly be maintained that when the contract states explicitly that the firm binds itself, it meant that one member of the firm binds himself. If the firm agreed to stamp its goods with the name of but one of the partners, which partner was referred to? It is most improbable that it was intended that the names of both partners should be used for that would have required "Lothar W. Faber and Eberhard Faber" or "L. W. and E. Faber" to appear on each pencil—a most clumsy and inartistic mode of stamping. Moreover, if it were the purpose of the contract to provide for the use of the names of the partners rather than the name of the firm the words "first name" would not be twice repeated in the paragraph in question. It seems improbable that the partners would have used the language of this paragraph if the complainant's contention be correct. There would have been no ambiguity if they had provided that "the firm of Eberhard Faber binds itself to stamp all its manufactures Eberhard Faber, J. Eberhard Faber, John E. Faber or J. E. Faber."

The fact that the defendant had for many years prior to the contract used the trade-name "E. Faber" and has consistently refused to change it, together with the complainant's acquiescence in the use of such name after the contract, is in strong corroboration of the construction contended for by the defendant. We think this construction is sustained by the great preponderance of reasoning, but assume that it is not; how then stands the case? If the complainant's construction be correct he holds a contract whereby the defendant has promised and agreed not to use the name "E. Faber."

As there is no doubt that the defendant has used this name openly and persistently the complainant has a perfect cause of action against him either in law or equity, as he may elect. The same is true if the view be taken that the language of the contract is so ambiguous and doubtful as to require the construction of a court of equity. In no view of the situation can the complainant be permitted to ignore this agreement, cast it aside and proceed upon the theory that the defendant has made "improper, wrongful, wicked and fraudulent use of the name 'Faber.'" The decree specifically finds that the defendant "has been guilty of fraud in unfair competition in trade with the house of A. W. Faber." These allegations and this finding are not, we think, justified by the proof. The contract of 1898 is a valid subsisting agreement. The most favorable view which the complainant can expect is that the defendant has mistaken its import, misinterpreted its provision and in this way has violated its stipulations. But one may not be convicted of fraud because he misinterprets an instrument couched in obscure and misleading language. It is enough that the defendant has, in all essential particulars, complied with the contract as he understood it.

The decree is reversed and the cause is remanded to the Circuit Court with instructions to dismiss the bill with costs.

WALLACE, Circuit Judge. I do not think the agreement of March 16, 1898, would be an obstacle to the present action if the defendant had made any unwarranted use of his name for the purpose of unfair competition with the complainant, but am in favor of reversing the decree because the proofs do not show that the defendant has done so. By that agreement, according to its only rational construction, it was settled between the parties that the initial "E." should stand for the full name "Eberhard" when used in the lead pencil business by the latter. Irrespective of the effect of that agreement, there was no unfair or fraudulent use by defendant of the initial.